## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH REDDING | : | |
|             Plaintiff | : | CIVIL ACTION - LAW |
| v. | : | |
| | : | |
| WESTGATE RESORTS | : | |
|   and | : | |
| WESTGATE VACATION VILLAS | : | |
|   and | : | |
| WESTGATE RESORTS, LTD. | : | |
|   and | : | |
| WESTGATE RESORTS, LLC | : | |
|   and | : | |
| WESTGATE RESORTS, INC. | : | |
|   and | : | |
| WESTGATE VACATION VILLAS, LTD. | : | |
|   and | : | |
| WESTGATE VACATION VILLAS, LLC | : | |
|   and | : | |
| WESTGATE VACATION VILLAS, INC. | : | |
|   and | : | |
| CENTRAL FLORIDA INVESTMENTS, INC. | : | |
|             Defendants | : | **COMPLAINT** |

AND NOW, comes the plaintiff, by and through his attorney, Thomas F. Sacchetta, Esquire, and avers as follows:

### JURISDICTION AND VENUE

1. Federal jurisdiction in this matter is asserted pursuant to 28 U.S.C. §1332. Venue is properly laid within the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §1391(b).

**PARTIES**

2. Plaintiff, Joseph Redding, is an adult individual and citizen of the Commonwealth of Pennsylvania residing at 922 13th Avenue, Prospect Park, PA 19076.

3. Defendant, Westgate Resorts, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Florida with a principal place of business located at 5601 Windhover Drive, Orlando, FL 32819.

5. Defendant, Westgate Vacation Villas, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Florida with a principal place of business located at 5601 Windhover Drive, Orlando, FL 32819.

6. Defendant, Westgate Resorts, Ltd., is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Florida with a principal place of business located at 5601 Windhover Drive, Orlando, FL 32819.

7. Defendant, Westgate Resorts, LLC, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Florida with a principal place of business located at 5601 Windhover Drive, Orlando, FL 32819.

8. Defendant, Westgate Resorts, Inc., is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Florida with a principal place of business located at 5601 Windhover Drive, Orlando, FL 32819.

9. Defendant, Westgate Vacation Villas, Ltd., is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Florida with a principal place of business located at 5601 Windhover Drive, Orlando, FL 32819.

10. Defendant, Westgate Vacation Villas, LLC, is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Florida with a principal place of business located at 5601 Windhover Drive, Orlando, FL 32819.

11. Defendant, Westgate Vacation Villas, Inc., is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Florida with a principal place of business located at 5601 Windhover Drive, Orlando, FL 32819.

12. Defendant, Central Florida Investments, Inc., is, upon information and belief, a corporation, partnership, sole proprietorship, unincorporated association or other legal entity existing under the laws of the State of Florida with a principal place of business located at 5601 Windhover Drive, Orlando, FL 32819.

## FACTS

13. At all times relevant hereto, defendants were in the exclusive possession, management and control of the premises located at 7700 Westgate Blvd., Kissimmee, FL 34747.

14. At all times relevant hereto, defendants were responsible for maintenance, cleaning, and control of the premises located at 7700 Westgate Blvd., Kissimmee, FL 34747.

15. On or about February 16, 2018, while plaintiff was lawfully on the aforesaid premises as a business invitee he was caused to suffer injury as a result of a defective condition

of the premises, i.e. defective and/or improperly maintained floor, which was non slip-resistant flooring in the bathroom, which caused an unreasonably dangerous condition to exist.

16. As a result of the negligence of the defendants, plaintiff sustained severe personal injuries and other damages as more fully set forth below.

## FIRST CAUSE OF ACTION
## NEGLIGENCE CLAIM

17. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as though fully set forth at length.

18. The accident was caused exclusively and solely by the defendant's negligence, in that:

(a) Defendants caused or permitted dangerous conditions to exist;

(b) Defendants failed to make a reasonable inspection of the premises, which would have revealed the dangerous condition created by the defendant;

(c) Defendants failed to give warning of the dangerous condition and failed to erect barricades or to take any other precautions to prevent injury to the plaintiff;

(d) Defendants failed to remove the defective condition;

(e) Defendants failed to exercise reasonable prudence and due care to keep the premises in a safe condition for the plaintiff and other similarly invited patrons;

(f) Defendants failed to take any steps to correct the condition after being notified of the hazardous condition;

(g) Defendants failed to conform to defendant's own specifications and standards as to maintenance of area;

(h) Defendants violated local and state ordinances pertaining to maintenance of lodging establishment and/or maintenance of bathrooms contained therein;

      (i)    Defendants failed to maintain or to enforce policies regarding inspection and repair of bathrooms; and

      (i)    Defendants failed to properly clean and/or maintain the flooring in the bathroom;

      (j)    Defendants failed to provide proper slip-resistant flooring;

      (k)    Defendants failed to provide adequate safeguards to prevent slips; and

      (l)    Defendants were otherwise negligent under the circumstances.

19. At all relevant times hereto, defendants acted through their employees, servants and agents.

20. Defendants, through their employees, servants and agents either had actual notice of the unsafe and dangerous condition of the premises and sufficient time to correct the dangerous situation, or the condition existed for so long a period of time prior to the occurrence that defendants, in the exercise of due care, could and should have known of the unsafe and dangerous condition of the premises.

21. Defendants were in a better position and more likely to know about and discover this unreasonably dangerous condition with the exercise of due care then plaintiff.

22. Plaintiff's injuries were caused solely by the negligence of defendants, their agents, and/or employees, who failed to use reasonable care to protect plaintiff and her injuries were in no way caused by plaintiff.

23. Solely as a result of the negligence of defendants, plaintiff was caused to suffer various physical injuries, including, but not limited to, injuries to both plaintiff's head, brain with concussion and post-concussive syndrome, neck, back, right ankle, left elbow and spinal injuries.

24. As a direct result of the aforesaid injuries, plaintiff suffered severe shock to his nervous system, great physical pain, and mental anguish, all of which may continue for an indefinite period of time into the future.

25. As a result of his injuries, plaintiff has undergone in the past and will in the future continue to undergo great pain and suffering.

26. Plaintiff has been compelled to expend and will be required to expend various sums of money for medication and medical attention in attempting to remedy the aforementioned injuries.

27. As a result of his injuries, plaintiff has and may in the future continue to incur unreimbursed wage loss and medical expenses.

28. As a result of his injuries, plaintiff may have suffered a permanent disability and permanent impairment of his earning power and capacity.

29. As a direct result of the injury, plaintiff has been prevented from attending to her usual duties and obligations, and believes that she may be prevented from so doing in the future, as her injuries seem to be permanent in nature.

WHEREFORE, plaintiff demands judgment against defendants, jointly and severally, in an amount in excess of $75,000.00 plus interest and costs.

                                                SACCHETTA & BALDINO

                                      By:   /S/THOMAS F. SACCHETTA, ESQUIRE
                                                  THOMAS F. SACCHETTA, ESQUIRE
                                                  Attorney for plaintiff